UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT K. DECKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00168-JPH-DLP |
| | ) | |
| BRIAN LAMMER, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Robert K. Decker filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a Federal Correctional Institute prison disciplinary proceeding identified as Incident Report No. 3291624. For the reasons explained in this Order, Mr. Decker's habeas petition is **denied**.

## I. Overview

Federal inmates seeking to challenge the loss of good time credits in prison disciplinary proceedings on due process grounds may petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974); *Jones*, 637 F.3d at 845 (same for federal inmates).

1

## II.     Disciplinary Proceeding

On August 14, 2019, R. Eisele issued an Incident Report charging Mr. Decker with a violation of offense code 297, phone abuse. Dkt. 14-1 at 20. The Incident Report states:

> On August 12, 2019, inmate Decker, Robert, Reg. No. 51719-074, had a scheduled legal phone call for 1000 hrs. The attorney called into the 812-238-3603 legal room phone number at approximately 1002 hrs. During this call I was stationed outside of the legal call room (which had the door closed for legal privacy) and was able to stand to view inmate Decker without listening in on the phone call directly. I could overhear the volume of inmate Decker's voice. After several minutes, I noticed the volume of his voice had diminished significantly and I thought his call had finished but when I stood to view him again, he was still actively speaking on the phone. After a few more minutes, I again checked to see if the call was finished and noticed the phone was placed nearer the inmate, having been moved from its original position where I had left. I became suspicious of inmate Decker's call so I asked an officer to come in and monitor inmate Decker for me while I went to my office. From my office I called the attorney's office to verify he was still speaking with his attorney. They did not immediately answer, so I returned to relieve the officer but inmate Decker had already finished his call. The time was approximately 1055 hrs. I called the Communications Shop and alerted them of my suspicions and requested they review the outgoing calls for extension 3603. I also requested the video be preserved showing all movement entering and exiting the area of the annex adjacent the legal call phone room during the time of the legal call as there are no cameras in the immediate legal call room area.
>
> On 08/13/19, I was able to confirm (via phone) with the law office of Decker's attorney their call had lasted 18 minutes. I also followed up with the Communications Shop via e-mail.
>
> On 08/14/19, at 1228 hrs. the Communications Shop sent verification that five calls had been placed from the 812-238-3603 legal phone . . . .
>
> I ran inmate Decker's TRULINCS Phone List Report to cross-reference the listed numbers and found three matching contacts . . . .
>
> I alerted the Counter-Terrorism Unit (CTU) of the breach of monitoring and asked for their assistance in determining the other two numbers . . . .
>
> The NICE Vision Video Surveillance System has an approximate 15-minute lag between the time stamp and the actual time. A review of the NICE Vision cameras reveals at time stamp 09:45:40 AM, inmate Decker and I enter the annex area adjacent to the legal call room. At 10:11:09 AM, inmate Cox, Francis, Reg. No. 16179-006, partially enters and briefly stands inside the annex doorway. At 10:12:20 AM, an officer enters and delivers inmate Decker's lunch food trays. At

2

> 10:28:48 AM, I open the door and ask the officer to step in. At 10:29: 15 AM an officer takes my place and I am seen exiting the annex. At 10:30: 15 AM, the officer and inmate Decker exit the annex and it is secured. Inmate Decker can be seen with his paperwork and food trays.[1]

*Id.*

On the same day, Mr. Decker was notified of the charges. Dkt. 14-1 at 16, 21. At screening, Mr. Decker was advised of his rights and he stated that he was not told he could not make multiple phone calls and that all his calls were legal calls, and requested the communications shop as a witness *Id*. at 22-24. He requested a staff representative and to call his lawyers as witnesses. *Id*.

A hearing was held on December 20, 2019. *Id.* at 16-19. With his staff representative present, Mr. Decker denied the charges mounted against him, but stated that, "I made those calls. No one ever told me I couldn't." *Id*. at 16. The evidence presented at the hearing included email testimony from an electronics technician, the incident report, a review of Mr. Decker's disciplinary history, and Mr. Decker's statements. *Id*. at 18. Based on this evidence, the disciplinary hearing officer ("DHO") found Mr. Decker guilty of violating offense Code 297—"[u]se of the telephone for abuses other than illegal activity which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called; or to commit or further a High category prohibited act." 28 C.F.R. § 541.3. Mr. Decker's appeals were then denied. Dkt. 14-1 at 27–31.

### III.   Analysis

Mr. Decker asserts two grounds for relief: 1) that the prison officials improperly monitored his legal phone calls and 2) he was provided an ineffective staff representative. Dkt. 1 at 6-7.

---

[1] The names and phone numbers of the individuals Mr. Decker contacted have been excluded for confidentiality purposes. *See* dkt. 14-1 at 20-21.

1. **Monitoring Prison Phone Calls**

Mr. Decker alleges that the prison improperly monitored his telephonic communication by listening in on the substance of his legal phone calls. Dkt. 16 at 2. Mr. Decker has not provided evidence to support that allegation, but even if he is correct, it would not be a basis for habeas relief. Even in the criminal context, "when conversations with counsel have been overheard, the constitutionality of the conviction depends on whether the overheard conversations have produced, directly or indirectly, any of the evidence offered at trial." *Weatherford v. Bursey*, 429 U.S. 545, 552 (1977). No content from Mr. Decker's conversations with his counsel was used as evidence in finding Mr. Decker guilty of offense code 297. Nor does Mr. Decker's claim implicate the protections of *Hill* or *Wolff*. [2] No relief is warranted on this basis.

2. **Ineffective Staff Representative**

Mr. Decker also alleges he had an ineffective staff representative.[3] Dkt. 1. He notes the staff representative failed to collect witness statements from the officer who drafted the incident report and the Communication Shop technician. Dkt. 16 at 4. Mr. Decker says he wanted to question the electronics technician to 1) prove that the Communications Shop had the ability

---

[2] Some courts have addressed similar claims in civil rights actions. *See e.g., Guajardo-Palma v. Martinson*, 622 F.3d 801 (7th Cir. 2010) (considering lawyer-client confidentiality in the prison context); *Sparks v. Forestal,* No. 1:22-CV-00037-JMS-TAB, 2022 WL 4113597, at *3 (S.D. Ind. June 10, 2022) (finding that claim that conversations with criminal defense attorney are being monitored or recorded could proceed in a civil rights action); *Lieberman v. Portage Cnty.*, No. 18-CV-450-JDP, 2020 WL 869232, at *5 (W.D. Wis. Feb. 21, 2020) (granting summary judgment for defendants where detainees had notice that their calls with their lawyers were being recorded). This Court declines Mr. Decker's request "to determine whether the BOP has the Constitutional Right to monitor legal calls of inmates," dkt 16 at p. 4-5, because this argument cannot entitle him to habeas relief.

[3] The record demonstrates Mr. Decker did not raise the claim of an ineffective staff representative in either of his two administrative appeals. Dkt. 14-1 at 31 and dkt. 14-1 at 28. Respondent did not raise a claim for failure to exhaust administrative remedies in their return, dkt. 14, even though there is a common-law exhaustion requirement, *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004).

monitor his phone, and 2) ask why he had the ability to make multiple phone calls if it was prohibited. *Id*.

Mr. Decker's arguments that his staff representative was ineffective is without merit because Mr. Decker is not constitutionally entitled to the aid of a staff representative. Due process requires that inmates be provided with the aid of a staff member only when the inmate is illiterate or the issues are complex. *Wolff*, 418 U.S. at 570. Here, there is no allegation or evidence that Mr. Decker is illiterate, and the issues involved are not so complex that he was unable to marshal evidence or adequately understand the case. Thus, his ineffectiveness argument fails. *See Duarte v. Turner*, 46 F.3d 1133 (7th Cir. 1995) (dismissing claim that BOP staff representative was ineffective because petitioner was not constitutionally entitled to the aid of a staff member).

### 3. Sufficiency of the Evidence

Finally, Mr. Decker claims in his reply that his actions did not violate offense code 297. Dkt. 16 at p. 2-3. He explains that there is no rule that states he cannot proceed to make additional legal calls when conducting a legal call and that "[i]t was [the reporting officer's] responsibility to monitor [him] for compliance. It was not [his] job to monitor himself." Dkt. 16 at 6.[4]

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . .

---

[4] The Court notes that Mr. Decker has been previously disciplined for phone abuse. *See Decker v. Krueger*, No. 2-18-CV-00249-JMS-MJD, 2019 WL 2298962 (S.D. Ind. May 30, 2019).

is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "'some evidence' standard" is "a 'meager threshold.'" *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 939). Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

Mr. Decker was convicted of Code 297, Use of the Telephone for Abuses other than Criminal Activity. Code 297 is defined as "[u]se of the telephone for abuses other than illegal activity which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called; or to commit or further a High category prohibited act." 28 C.F.R. § 541.3. There is "some evidence" to support the prison disciplinary hearing officer's conclusion that Mr. Decker is guilty of this offense. *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board"). The record reflects that a prison official instituted one legal phone call with Mr. Decker and his lawyer. Dkt. 14-1 at 17-18. The lawyer indicated that the call lasted only 18 minutes. *Id*. The reporting officer found that Mr. Decker remained on the phone for longer than those 18 minutes. *Id*. The incident report includes names and phone numbers of friends and the business Mr. Decker contacted after speaking with his attorney, dkt. 14-1 at 17-18. It is undisputed that Mr. Decker admitted on several occasions to making the additional phone calls. Dkt. 14-1 at 21 and dkt. 16. This is sufficient evidence upon which the hearing officer could conclude that Mr. Decker was approved to place a single call to his lawyer on the unmonitored line and that the additional calls, regardless of whether

6

they were legal in nature, circumvented the ability of staff to monitor frequency of telephone use, content of the call, or the number called in violation of Code 297.

## IV.   Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Decker to the relief he seeks. Accordingly, Mr. Decker's petition for a writ of habeas corpus must be **DENIED**. This action is **DISMISSED**.

Mr. Decker's motion to adjudicate and motion for case status is **GRANTED TO THE EXTENT** that the Court has ruled on his habeas petition. Dkts. [25] and [29]. Judgment consistent with this Order shall now issue.

**SO ORDERED**.

Date: 3/3/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT K. DECKER
51719-074
MARION - USP
MARION U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. Box 1000
MARION, IL 62959

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov