UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT K. DECKER, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 2:21-cv-00168-JPH-MKK |
| BRIAN LAMMER, | ) ) ) |
| Respondent. | ) ) |

**ORDER DENYING PETITIONER'S MOTION TO RECONSIDER**

Robert Decker is a federal inmate who, at all relevant times, was housed at FCI Terre Haute. He filed this habeas petition under 28 U.S.C. § 2241 challenging a prison disciplinary proceeding identified as Incident Report No. 3291624. On March 3, 2023, the Court denied Mr. Decker's habeas petition and dismissed this action with prejudice. Dkt. 30; dkt. 31. Now before the Court is Mr. Decker's motion to reconsider pursuant to Federal Rule of Civil Procedure 59(e).[1] For the reasons explained below, Mr. Decker's motion, dkt. [36], is **DENIED**.

**I. Background**

Mr. Decker's habeas petition challenged the circumstances surrounding his disciplinary charge for "phone abuse." Dkt. 14-1 at 16–19. That charge alleged that, after Mr. Decker had a scheduled legal phone call on August 12,

---

[1] The Court received Mr. Decker's motion on April 10, 2023. Dkt. 36. Because the certificate of service is dated March 30, 2023, the Court considers Mr. Decker's motion timely filed. Dkt. 36; dkt. 36-1; Fed. R. Civ. P. 59(e) ("A motion to later or amend a judgment must be filed no later than 28 days after the entry of final judgment.").

2019, he made multiple additional calls that were unauthorized. Dkt. 14-1 at 16- 20. Code 297 prohibits "[u]se of the telephone for abuses other than illegal activity which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called; or to commit or further a High category prohibited act." 28 C.F.R. § 541.3.

Mr. Decker asserted two grounds for relief in his petition: (1) that the prison officials improperly monitored his legal phone calls and (2) that he was provided ineffective staff representation during the disciplinary proceedings. Dkt. 1 at 6-7. He asked the Court to "screen this complaint and issue . . . a scheduling order" and "any other equitable relief the Court deem fair and fit." *Id.* at 8. The prison responded, arguing that Mr. Decker had received due process.  Dkt. 14. The Court then considered the parties arguments and, eventually, denied the petition. Dkt. 30. Mr. Decker now seeks relief from the Court's final judgment in his Rule 59(e) motion. The respondent did not file a response.

## II. Legal Standard

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the Court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood v. Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling

precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Relief through a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 521 (7th Cir. 2015) (internal quotation omitted).

### III. Discussion

Mr. Decker argues that the Court erred in several ways during its handling of this habeas action. Dkt. 36. However, none provide a basis for relief.

**A. Civil Rights Complaint**

First, Mr. Decker asserts that the Court should have treated his initial filing in this case as both a civil rights complaint and a petition for habeas corpus. Dkt. 36 at 1. The Court acknowledges that, underneath the title "Petition for a Writ of habeas corpus under 28 U.S.C. § 2241," it appears that Mr. Decker typed "and 28 U.S.C. § 1331." Dkt. 1 at 1. But Mr. Decker's claims were submitted on the § 2241 petition form and relate to disciplinary charges and the loss of good time credit, issues that are ordinarily raised in a habeas proceeding. *Id.* at 1–7. Thus, the Court did not err in treating this as a habeas suit. *Williams-Bey v. Buss*, 263 F. App'x 523, 524 (7th Cir. 2008) (instructing district courts not to "convert a habeas corpus petition into a civil rights complaint, even for a *pro se* petitioner, because important procedural differences exist between the two actions that can have significant consequences for the petitioner's ability to appeal or bring later suits, among other things.") (citing *Glaus v. Anderson,* 408 F.3d 382, 388-89 (7th Cir. 2005)).

Mr. Decker points out that the Seventh Circuit has "left the door open a crack for prisoners to use habeas corpus to challenge a condition of confinement." Dkt. 36 at 3 (citing cases). But the Court declined to permit such a challenge in this case, dkt. 30 at 4, n.2, and Mr. Decker has not provided a basis for finding that that decision was a "manifest error of law." *Edgewood*, 733 F.3d at 770; *see Glaus*, 408 F.3d at 387 (noting that while the Supreme Court "has left the door open for habeas corpus claims challenging prison conditions, it has never found anything that qualified."). If Mr. Decker wanted to pursue a *Bivens* action, he could have filed a complaint raising those claims in a separate civil rights action.

### B. Scheduling Order and Leave to Amend Petition

Next, Mr. Decker argues that the Court erred by not issuing a scheduling order pursuant to Federal Rule of Civil Procedure 16(b). Dkt. 36 at 1. Rule 16 provides that scheduling orders are not required "in categories of actions exempted by local rule." Fed. R. Civ. P. 16(b)(1). As relevant here, Southern District of Indiana Local Rule 16-1(g) provides: "the following types of cases will be exempted from the scheduling and planning requirements of Fed. R. Civ. P. 16(b) . . . (2) A petition for habeas corpus . . . ."  Therefore, the Court's decision to not enter a scheduling order in this case was not a "manifest error of law." *Edgewood*, 733 F.3d at 770.[2]

---

[2] The Court did, however, issue a proper show cause order to the respondent on April 22, 2021, in accordance with the Rules Governing Section 2254 Cases in the United States District Courts, which are applicable to § 2241 petitions.

4

Mr. Decker further argues that the Court erred when it did not permit him leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15. Dkt. 36 at 1. Because there is no record of an amended complaint being filed in this case, the Court assumes that Mr. Decker is referring to his "Motion to Add Defendants" at docket 12, which he titled as being brought "Pursuant to: Fed. R. Civ P. 15(c)."[3] The Court denied that motion on March 3, 2022, explaining that the Warden was the only proper respondent. Dkt. 21 at 1-2 (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004)). It's true that "leave to amend should be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). But Mr. Decker has not provided a basis for finding that the Court's decision not to allow additional defendants in this case was a "manifest error of law." *Edgewood*, 733 F.3d at 770.

**C. Due Process Protections**

Third, Mr. Decker argues that the Court erred in not finding that his due process protections were violated. None of his arguments entitle him to relief.

**1. Denial of Evidence and Witness**

Mr. Decker states that the disciplinary hearing officer denied him email evidence from the communication technician and failed to call the technician as a witness. Dkt. 36 at 1-2. But those arguments weren't raised in Mr. Decker's petition, and thus, they cannot form a basis for Rule 59(e) relief now. "District courts need not grant Rule 59(e) motions 'to advance arguments or theories that

---

[3] Mr. Decker sought to add several defendants, other than the Warden, that he believed were "also culpable in the case[.]" Dkt. 12.

5

could and should have been made before the district court rendered a judgment.'" *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018) (quoting *Miller v. Safeco Ins.*, 683 F.3d 805, 813 (7th Cir. 2012)).

### 2. Ineffective Staff Representative and Sufficiency of Evidence

Mr. Decker again raises arguments that he received ineffective staff representation because the staff representative was not present during his hearing and failed to obtain witness statements and exculpatory evidence for him. Dkt. 36 at 2-3. But Mr. Decker cannot use a Rule 59(e) motion "to 'rehash' previously rejected arguments . . . ." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

The Court thoroughly addressed those arguments on the merits in its final order. Dkt. 30 at 5 (citing *Duarte v. Turner*, 46 F.3d 1133 (7th Cir. 1995) (dismissing claim that BOP staff representative was ineffective because petitioner was not constitutionally entitled to the aid of a staff member)). So the Court will not reconsider them now.

The same goes for Mr. Decker's argument that he cannot "possibly be guilty of using the legal phone to make 'legal calls' if he was never instructed that he can't make additional legal calls." Dkt. 36 at 4. The Court also addressed this argument in its final order. Dkt. 30 at 6-7. The Court found that there was sufficient evidence for the disciplinary hearing officer to conclude that Mr. Decker had authorization for only one legal call on the date of the incident, and additional calls, whether legal or otherwise, "circumvented the ability of staff to monitor frequency of telephone use and content of the call, or the number called

in violation of Code 297." *Id.* Thus, the decision was supported by "some evidence." *Id.* at 8.

Because Mr. Decker hasn't shown that decision was a manifest error of fact or law, he is not entitled to Rule 59(e) relief on these grounds.

### D. Bureau of Prisons Monitoring Prison Phone Calls

Finally, Mr. Decker continues to make allegations that the BOP monitors prison phone calls, but much like in his petition, he provides no new evidence to support his allegation. And the Court explained in its final order that there is no basis for habeas relief on this ground because no content from Mr. Decker's conversations with his counsel was used as evidence in his finding of guilt in this disciplinary action. Dkt. 30 at 4 (quoting *Weatherford v. Bursey*, 429 U.S. 545, 552 (1977)).

Mr. Decker has not provided a basis to conclude that decision was "a manifest error of law." *Edgewood*, 733 F.3d at 770. Nor is he entitled to Rule 59(e) relief by simply rehashing that previously rejected argument. *Vesely*, 762 F.3d at 666.

## IV. Conclusion

The Court concluded that there was sufficient evidence in the record to support Mr. Decker's finding of guilt and that there were no violations of his due process rights.  Thus, the Court denied his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Decker has not shown that there was a manifest error of law or fact.

Accordingly, Mr. Decker's Rule 59(e) motion, dkt. [36], is **DENIED**, and this action remains **CLOSED**.

**SO ORDERED.**

Date: 5/19/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT K. DECKER
51719-074
MARION - USP
MARION U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
MARION, IL 62959

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov